RICHARD ROBERTS et al., Appellants, v. ARROW BOAT CLUB, INC., Respondent.— In a negligence action to recover damages for personal injuries and loss of services, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered October 31, 1973, in favor of defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. Appellants raised no questions of fact on this appeal and, accordingly, none have been considered. Plaintiff Marie Roberts was injured when she fell on an allegedly slippery substance during a square dance conducted by defendant at its club premises, a barge which had been beached and imbedded on the shore. At normal high tide the floor of the barge was at least two feet above the water level. Four days before the accident a severe storm occurred which caused the floor of the barge to be submerged under $2\frac{1}{2}$ feet of water for several hours. Item No. 18 of plaintiffs' bill of particulars states that the substance causing Mrs. Roberts' fall was " a collection of oil substances used by the defendant to treat the floor, other foreign matter and dampness caused by the recent flood which had gathered at that particular location ". At

the trial, however, Edwin A. Randall, a witness for plaintiffs, testified that four hours before the accident he and some of the other club members (who were admittedly agents of defendant), while preparing the premises for the dance, carried out a refrigerator which had been damaged by the flood. He further testified that as they carried it across the dance area, insulation fell from the refrigerator, that the insulation was covered with oil and grease and that, although an effort was made to wipe up the floor, an oily residue remained at the place where Mrs. Roberts later fell. Defendant moved to strike this testimony on the ground that it attributed a causation not mentioned in the complaint or in the bill of particulars. The motion was denied on the ground that the complaint and the bill were sufficiently broad to encompass this proof. At the close of the trial, the court granted plaintiffs' motion to conform the pleadings to the proof with respect to this testimony. In its charge, the trial court stated that plaintiffs had to establish that defendant had notice of the condition and a reasonable time after such notice within which to correct it. Proper exception was taken by plaintiffs to these portions of the charge. The jury should have been instructed that if it credited Randall's testimony, it need not consider the issues relating to notice, as the dangerous condition would have been one created by defendant itself. In the absence of such a charge, the instructions as given to the jury were confusing and prejudicial. A new trial is therefore required. Hopkins, Acting P. J., Martuscello, Latham, Benjamin and Munder, JJ., concur.